# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

B & M SERVICES LLC, a
Mississippi limited liability
company,

      Plaintiff,

v.                                   Case No. 3:21-cv-467-MMH-JBT

L.A. DISASTER RELIEF, LLC, a
Florida limited liability company,

      Defendant.

## **O R D E R**

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter

jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On April 30, 2021, Plaintiff, B&M Services, LLC, filed its Complaint (Doc. 1; Complaint) in this Division, seeking to invoke this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Complaint at ¶ 6. However, upon review of the record in this case, the Court is unable to determine whether it has diversity jurisdiction over this action because Plaintiff has inadequately pled the citizenship of Defendant, L.A. Disaster Relief, LLC. Plaintiff alleges jurisdictional facts related to Defendant's citizenship "[o]n information and belief . . . ." Id. at ¶ 4. Allegations premised only on "information and belief" are plainly insufficient to establish the citizenship of a party or the jurisdictional thresholds as necessary to invoke this Court's subject matter jurisdiction. See, e.g., Payne v. Ivy, No. 6:18-cv-3-Orl-18KRS, 2018 WL 1155987, at *1 (M.D. Fla. Jan. 22, 2018) ("Allegations made 'upon information and belief' are not sufficient to support jurisdictional allegations, however."); Matos-Cruz v. JetBlue Airways Corp., No. 6:17-cv-380-Orl-37TBS, 2017 WL 3268956, at *2 (M.D. Fla. Aug. 1, 2017) ("Courts have held that allegations concerning a party's citizenship based only 'on information and belief' are insufficient."); Principle

Solutions LLC v. Feed.ing BV, No. 13-C-223, 2013 WL 2458630, at *2 (E.D. Wis. June 5, 2013).

Moreover, to sufficiently allege the citizenship of a limited liability company (LLC), a party must list the citizenship of all the members of the LLC. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). Filings with the Florida Department of State, such as those reviewed by Plaintiff in alleging Defendant's jurisdiction,[1] do not require the identification of all the members of an LLC. As such, those filings, alone, are insufficient to establish the citizenship of an LLC. Without a more definitive statement regarding Defendant's citizenship, the allegations presently before the Court are insufficient to establish the Court's subject matter jurisdiction over this action.

Accordingly, it is

**ORDERED:**

---

[1] See Complaint at ¶ 4 (stating Plaintiff's jurisdictional allegations were "based on a review of [Defendant's] filings with the Florida Department of State. . . .").

Plaintiff, B&M Services, LLC, shall have until **May 13, 2021** to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction.

**DONE AND ORDERED** in Jacksonville, Florida this 6th day of May, 2021.

MARCIA MORALES HOWARD
United States District Judge

lc29
Copies to:

Counsel of Record
Pro Se Parties