**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

B & M Services LLC,
a Mississippi limited liability
company,

    Plaintiff,

vs.                                    Case No. 3:21-cv-00467-MMH-JBT

L.A. Disaster Relief, LLC,
a Florida limited liability
company.

    Defendant.
_____/

## AMENDED COMPLAINT

Plaintiff, B & M Services LLC, by and through undersigned counsel, hereby files this Amended Complaint against Defendant, L.A. Disaster Relief, LLC, and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, B & M Services LLC ("B&M" or "Plaintiff"), is a Mississippi limited liability company with its principal place of business in Picayune, Mississippi.

2. B&M's members are Johnny Boone and Stephanie Sutherland, who are Mississippi citizens residing in Picayune, Mississippi, and Joel Petersen, an Iowa citizen residing in Exira, Iowa.

3. Defendant, L.A. Disaster Relief, LLC ("LA Disaster" or "Defendant"), is a Florida limited liability company with its principal place of business in Interlachen, Florida.

4. LA Disaster's sole member is Kyle E. Adams, a Florida citizen residing in Interlachen, Florida. Mr. Adams has identified himself as the sole owner/member of LA Disaster to B&M on multiple occasions.

5. This is an action for conversion and civil theft seeking damages in excess of $75,000.00 exclusive of interest and costs.

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) as B&M and LA Disaster are citizens of different states.

7. This Court is the appropriate venue for this matter pursuant to 28 U.S.C. § 1391(b)(1) because LA Disaster resides this district.

## GENERAL ALLEGATIONS

8. On February 11, 2021, B&M inadvertently wired LA Disaster $165,616.04 (the "Funds"). The wiring of the Funds was purely accidental.

9. LA Disaster has no right to and is in no way entitled to the Funds.

10. Upon realizing that the Funds were inadvertently wired to LA Disaster, B&M immediately followed up with LA Disaster informing LA Disaster that the wiring of the Funds was a mistake and requesting that the Funds be returned.

11. LA Disaster refused to return the Funds at that time.

12. B&M continued to follow up with LA Disaster and its principal, Mr. Kyle Adams, on multiple occasions attempting to secure the return of the inadvertently wired Funds.

13. Despite being informed that the wiring of the Funds was a mistake and that B&M was demanding the return of the Funds, LA Disaster continued to refuse to return the Funds.

14. To date, LA Disaster has intentionally and maliciously refused to return the Funds. Instead, on information and belief, LA Disaster has converted the Funds to its own use.

15. B&M has retained the law firm of Trenam, Kemker, Scharf, Barkin, Frye, O'Neil & Mullis, P.A. to prosecute this action on its behalf and has agreed to pay it a reasonable fee for its services.

16. All conditions precedent to the filing and maintenance of this action have been performed, have been waived, or have otherwise been satisfied.

**COUNT I**
**(Conversion)**

17. B&M realleges paragraphs 1 through 16 as if fully set forth herein.

18. This is a claim for conversion against LA Disaster.

19. By failing to return the Funds after B&M's demand, LA Disaster directly converted the Funds that belong to B&M.

20. LA Disaster retained B&M's Funds without B&M's permission or authorization.

3

21. By engaging in the above acts, LA Disaster has wrongfully asserted dominion over B&M's property and deprived B&M of its right to the full value and benefits of the Funds, despite demand having been made for the Funds return.

22. As a result of this conversion, B&M has suffered damages.

WHEREFORE, B & M Services LLC respectfully requests that the Court enter final judgment in its favor against L.A. Disaster Relief, LLC, for damages, prejudgment interest, post-judgment interest, costs, and for such other and further relief as the Court deems just and proper.

## COUNT II
## (Civil Theft)

23. B&M realleges paragraphs 1 through 16 as if fully set forth herein.

24. This is a claim for civil theft against LA Disaster pursuant to Section 772.11, Florida Statutes.

25. LA Disaster did knowingly obtain or use B&M's Funds. This action was done with the criminal intent to deprive B&M of its right to the Funds and to appropriate the Funds for LA Disaster's own use.

26. LA Disaster's knowing refusal to return the Funds upon demand and conversion of the Funds to its own use constitutes a theft pursuant to Section 812.014, Florida Statutes.

4

27. B&M has satisfied the requirement in Section 772.11, Florida Statutes for pre-suit demand. A true and correct copy of the civil theft demand sent to LA Disaster on March 18, 2021 is attached hereto as **Exhibit A**.

28. B&M has been damaged by LA Disaster's civil theft.

29. LA Disaster has deprived B&M of its rights, use, and benefit of the Funds in violation of Sections 812.014 and 772.11, Florida Statutes, and, thus, B&M is entitled to treble damages in the amount of $496,848.12, plus interest, attorneys' fees, and costs.

WHEREFORE, B & M Services LLC respectfully requests that the Court enter final judgment in its favor against L.A. Disaster Relief, LLC, for treble damages, prejudgment interest, post-judgment interest, its attorneys' fees and costs, and for such other and further relief as the Court deems just and proper.

## COUNT III
### (Unjust Enrichment)

30. B&M realleges paragraphs 1 through 16 as if fully set forth herein.

31. This is a claim for unjust enrichment against L.A. Disaster.

32. B&M conferred a benefit on L.A. Disaster in the form of the Funds.

33. L.A. Disaster has knowledge of its receipt of the Funds.

34. L.A. Disaster voluntarily accepted and retained the benefit of the Funds.

35. L.A. Disaster has no right or claim to the Funds.

36. The circumstances are such that it would be inequitable for L.A. Disaster to retain the Funds it received due to B&M's inadvertent wire transfer.

37. L.A. Disaster has been unjustly enriched at the expense of B&M.

38. B&M is entitled to damages as a result of L.A. Disaster's unjust enrichment.

WHEREFORE, B & M Services LLC respectfully requests that the Court enter final judgment in its favor against L.A. Disaster Relief, LLC, for damages, prejudgment interest, post-judgment interest, costs, and for such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

B & M Services LLC hereby demands trial by jury as to all issues and claims so triable.

Dated: May 10, 2021

    /s/ William A. McBride
ALICIA H. KOEPKE - FBN 0026330
akoepke@trenam.com / achrisman@trenam.com
WILLIAM A. MCBRIDE- FBN 0112081
bmcbride@trenam.com / lbehr@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN
FRYE, O'NEILL & MULLIS, P.A.
101 E. Kennedy Boulevard, Suite 2700
Tampa, FL 33602
Tel: 813-223-7474 / 813-229-6553 (facsimile)
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 10, 2021, a copy of the foregoing Amended Complaint was electronically filed with the Court's CM/ECF System, and copy will be sent via U.S. Mail to L.A. DISASTER RELIEF, LLC c/o Kyle E. Adams, Registered Agent, 102 Whispering Pines Trail, Interlachen, FL  32148.

<u>/s/ William A. McBride</u>
Attorney



Please reply to:
P.O. Box 1102
Tampa, FL 33601-1102
Direct Line: (813) 227-7475
Fax:  (813) 229-6553
bmcbridel@trenam.com

March 18, 2021

**VIA CERTIFIED MAIL -
RETURN RECEIPT REQUESTED
and VIA E-MAIL -** Ladisasterrelief1@gmail.com

L.A. Disaster Relief, LLC
c/o Kyle Adams
102 Whispering Pines Trail
Interlachen, FL   32148

L.A. Disaster Relief, LLC
c/o Kyle Adams
22696 NE 130th Court Road
Fort McCoy, FL   32134

Re:     Civil Theft Demand
        Our Matter # 21-1425

Dear Mr. Adams:

This firm represents B&M Services, LLC ("B&M Services") with respect to the $165,616.04 (the "Funds") that was inadvertently wired to L.A. Disaster Relief, LLC ("LA Disaster") on February 11, 2021. I am writing you today in a final attempt to secure the return of the Funds before resorting to litigation. To the extent that you have retained an attorney to represent LA Disaster in this matter, please forward this correspondence to such attorney immediately, and ask the attorney to contact me.

LA Disaster has been contacted concerning the return of the Funds multiple times since they were erroneously transferred but, thus far, LA Disaster has refused to return those Funds. B&M Services does not owe LA Disaster any money and there is absolutely no excuse or justification for LA Disaster's refusal to return the Funds. As such, it is clear that, at this point, it is LA Disaster's intention to misappropriate those inadvertently transferred Funds for its own use, which action constitutes a civil theft.

Civil theft is punishable by a civil cause of action pursuant to Florida Statutes § 772.11, which states in part:

> Any person who proves by clear and convincing evidence that he or she has been injured in any fashion by reason of any violation of the provisions of ss. 812.012-812.037 has a cause of action for threefold the actual damages sustained [. . .] and reasonable attorneys' fees and court costs in the trial and appellate courts.

**EXHIBIT A**

TAMPA
Tel: 813.223.7474
Fax: 813.229.6553
101 E. KENNEDY BOULEVARD
SUITE 2700
TAMPA, FL 33602

WWW.TRENAM.COM

ST. PETERSBURG
Tel: 727.896.7171
Fax: 727.820.0835
200 CENTRAL AVENUE
SUITE 1600
ST. PETERSBURG, FL 33701

L.A. Disaster Relief, LLC
March 18, 2021
Page 2

---

Florida Statutes § 812.014 states in part:

A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:

(a)  Deprive the other person of a right to the property or a benefit from the property.
(b)  Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.

LA Disaster has no right to retain the Funds, especially since it has had ample opportunity to return the Funds since being informed that they were inadvertently transferred. Therefore, pursuant to Florida Statutes § 772.11, B&M Services demands that, within 30 days of receipt of this letter, LA Disaster pay B&M Services treble the amount of the Funds, i.e. $496,848.12.[1] If LA Disaster complies with this demand by paying the full amount requested, B&M Services will provide LA Disaster with a written release from further civil liability with respect to the unauthorized retention of the Funds. If LA Disaster does not comply with this demand, B&M Services will proceed forward with litigation seeking treble damages plus its attorneys' fees and costs in pursuing such an action.

B&M Services is taking this situation seriously and I ask that you do the same. Reconsider your refusal to return the Funds and immediately comply with the demand made herein. Otherwise, B&M Services is prepared to pursue its legal remedies to the fullest extent available.

Sincerely,

William A. McBride

WAM/lab

---

[1] LA Disaster or its attorney can contact me at BMcBride@trenam.com or 813-227-7475 for B&M Services' wiring instructions.

