UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

B&M Services LLC,
a Mississippi limited liability
company,

    Plaintiff,

vs.                                               Case No. 3:21-cv-00467-MMH-JBT

L.A. Disaster Relief, LLC,
a Florida limited liability
company.

    Defendant.
_____/

## MOTION FOR PROTECTIVE ORDER

Plaintiff, B&M Services LLC ("B&M Services"), pursuant to Federal Rule of Civil Procedure 26(c), hereby moves for a protective order that limits Defendant, L.A. Disaster Relief, LLC ("LA Disaster"), from requesting documents from Joel Petersen and Johnny Boone via LA Disaster's improper Notices of Deposition *Duces Tecum*. In support of this motion, B&M Services states the following:

1. Joel Petersen ("Petersen") is the president, principal, and co-owner for B&M Services.

2. Johnny Boone ("Boone") is a principal and co-owner of B&M Services.

3. B&M Services received Notices of Taking Depositions *Duces Tecum* of Petersen and Boone (the "Notices") on February 18, 2022, and February 25, 2022, respectively, requiring not only their appearances for deposition on March

11, 2022, and March 7, 2022, respectively, but also to produce documents in their possession regarding certain matters related to the above action. Copies of the Notices are attached hereto as **Exhibit A** and **Exhibit B** respectively. LA Disaster requests 99 broad categories of documents to be produced in just 21 days from Petersen and the same amount of documents produced in a mere 10 days from Boone. These requests are also substantially similar untimely requests made to B&M Services as a party.

4. LA Disaster has made the same requests to three individuals or entities, including Petersen, Boone, and their company, B&M Services, but this is not an attempt to be thorough. These requests are simply an attempt to harass B&M Services' principals by improperly circumventing the party discovery process and the Court's discovery deadline by seeking party documents from the principals themselves on shortened deadlines.

5. Pursuant to the Court's January 14, 2022, Order amending the Case Management and Scheduling Order (the "Case Management Order"), the "deadline for completing discovery and filing motions to compel" is March 18, 2022. (Case Management Order, ¶ 2).

6. LA Disaster's Second Request for Production of Documents to B&M Services and Defendant's First Set of Interrogatories to B&M Services, which seek the same documents as those sought from Boone and Petersen, were served on

February 17, 2022.[1]  B&M Services served objections to this discovery on February 18, 2022 as, pursuant to Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A) and the Court's Case Management Order, this discovery was untimely as its response deadline fell after the Case Management Order's deadline for completing discovery. B&M Services objected to responding to this discovery absent an agreement amongst the parties, an order directing a response, or an order extending the deadline for completing discovery. At this time, LA Disaster has not pursued any of those options.[2] Instead, LA Disaster has resorted to inappropriate roundabouts to the Court's deadline to complete discovery by requesting the same or similar documents from Petersen and Boone as individuals, despite the requests encompassing almost exclusively matters that are better suited to be answered by B&M Services.

7. To allow a party to "circumvent the requirement of a court-mandated discovery deadline would clearly be contrary to the traditional interpretation of the Federal Rules of Civil Procedure." *Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 2014 WL 1047411 at *3 (S.D. Fla. Mar. 18, 2014).  If a party fails to obtain materials it otherwise should have during discovery, "[Fed. R. Civ. P.] 45 cannot properly be substituted for [Fed. R. Civ. P.] 34 to obtain materials that should have been obtained in discovery." *Dear v. Q Club Hotel,*

---

[1] It is worth noting that, despite being served with process on May 5, 2021, LA Disaster did not serve B&M Services with any requests for production or other discovery prior to February 14, 2022, 32 days before the close of the discovery period.

[2] To the extent that LA Disaster seeks an extension of the discovery deadline, it would need to demonstrate good cause and its own due diligence in pursuing discovery. *Pushko v. Klebener*, 2007 WL 2671263 at *1 (M.D. Fla. Sept. 7, 2007), *citing* Fed. R. Civ. Pro. 16(b).

*LLC*, 2017 WL 5665357 at *2 (S.D. Fla. May 18, 2017).[3] An attempt to do so is duplicative and defeats the purpose of the rules governing discovery. LA Disaster failed to provide itself sufficient time to both request appropriate documents and seek the Court's resolution of any discovery grievances, and so it should not be allowed to seek the same documents through an inappropriate mechanism.

8. LA Disaster did not issue a subpoena to Petersen or Boone in this matter. Instead, since they are principals of the company, B&M Services agreed to produce them for their depositions voluntarily. While B&M Services does not oppose the deposition of two of its principals, it does object to the *duces tecum* portion of the notices of taking deposition because of the timeframe Petersen and Boone have to produce such documents.

9. In *Doe v. 1031 South Wooster Ltd.*, the court found that Fed. R. Civ. P. 34 applied to documents requested when an entity party received a notice of taking deposition *duces tecum* of a nonparty employee and no subpoena was issued. *See generally* 2022 WL 121038 (S.D. Fla. Jan. 13, 2022). "Fed. R. Civ. P. 34(b)(2)(A) requires the party receiving the request to "respond in writing within 30 days after being served." *Id*. at *4. The court found it was improper to "demand production of documents on such an abbreviated schedule absent an order from the Court or the parties' stipulation," and it serves as an "end-run around the discovery rules." *Id*. (citation omitted).

---

[3] In *Dear*, the court squashed the *duces tecum* portion of subpoenas because a party sought nonparty discovery that was the same as requests made during the discovery period to the party, but the requesting party failed to follow up on such requests to clarify documents sought or seek redress for any grievances in regard to what was produced.

4

10. "If documents are requested [alongside a notice of deposition], to the extent all responsive documents in th[e] case have not already been produced, a 30-day period must be provided as per [Fed. R. Civ. P.] 34." *New World Network, Ltd. V. M/V NORWEGIAN SEA*, 2007 WL 1068124 at *2 (S.D. Fla. Apr. 6, 2007) (the court granted a motion for protective order giving the deponent 30 days to respond to the requests for production accompanying the notice of deposition); *see also Bray & Gillespie Management LLC v. Lexington Inc. Co.*, 2008 WL3480321 at *4 (M.D. Fla. Aug. 12, 2008) (granting protective order in regard to request for 102 categories of documents accompanying a notice of deposition for corporate representative).[4]  Similarly, LA Disaster expects Petersen and Boone to produce 99 categories of documents in 21 and 10 days, respectively.  Fed. R. Civ. P. 34 applies in the instant action as well, and Petersen and Boone should be entitled to the same procedural safeguards for production of documents.

11. These requests were better made to B&M Services via Federal Rule of Civil Procedure 34, but LA Disaster sought no such documents until it was too late.  LA Disaster should not be entitled to circumvent the Federal Rules of Civil Procedure due to its own unexcused untimeliness, and as such, a protective order quashing the *duces tecum* portions of the Notices directed towards Petersen and Boone is appropriate.

---

[4] It should be noted that in this case, the court does find that the deposition of the corporate representative was allowed to go forward, it was that the request for documents that was found as unduly burdensome given the timeframe provided by the unilaterally noticed deposition.

5

WHEREFORE, Plaintiff, B&M Services, LLC, respectfully requests the Court enter a protective order that quashes the *duces tecum* portion of the Notices of Deposition *Duces Tecum* of Joel Petersen and Johnny Boone, awards B&M Services its attorneys' fees and costs associated with this motion, and awards such further relief as the Court deems just and appropriate.

### 3.01(G) CERTIFICATION

The undersigned counsel hereby certifies that he conferred with counsel for Defendant, Brandon C. Meadows, Esq., via e-mail on February 28, 2022 in a good faith attempt to resolve this dispute without court action, and that Defendant opposes the relief sought herein. Counsel further certifies that this motion is brought in good faith and not for any improper purpose.

Respectfully submitted, this 28th day of February, 2022.

/s/ *William A. McBride*
ALICIA H. KOEPKE - FBN 0026330
akoepke@trenam.com/achrisman@trenam.com
WILLIAM A. MCBRIDE- FBN 0112081
bmcbride@trenam.com/lbehr@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN
FRYE, O'NEILL & MULLIS, P.A.
101 E. Kennedy Boulevard, Suite 2700
Tampa, FL 33602
Tel:  813-223-7474 / 813-229-6553 (facsimile)
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 28, 2022, a copy of **PLAINTIFF B&M SERVICES LLC'S MOTION FOR PROTECTIVE ORDER** was electronically filed with the Court's CM/ECF System, which caused a copy to be served upon all registered CM/ECF participants.

/s/ *William A. McBride*
Attorney