**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| B&M SERVICES, LLC, a Mississippi limited liability company, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO.: 3:21-cv-00467-MMH-JBT ) |
| L.A. DISASTER RELIEF, LLC, a Florida limited liability company, | ) ) ) ) |
| Defendant. | ) ) |

## NON-PARTY PETERSEN CROP & CATTLE, LLC'S MOTION TO QUASH DEFENDANT'S SUBPOENA DUCES TECUM

Non-Party PETERSEN CROP & CATTLE, LLC ("Petersen"), by and through undersigned counsel and pursuant to Rules 26(c) and 45 of the Federal Rules of Civil Procedure, hereby moves for an Order quashing the Subpoena, as defined below, or, in the alternative, for the fees incurred to respond to the Subpoena. In support thereof, Petersen states as follows:

INTRODUCTION AND FACTUAL BACKGROUND

1. The instant litigation involves only two parties and concerns Plaintiff B&M Services, LLC's ("B&M") allegations that, despite receiving multiple requests for the return of the same and having no entitlement to the same, Defendant L.A. Disaster Relief, LLC ("L.A.") wrongfully retained funds that B&M inadvertently wired to it. *See* Amended Complaint (Doc. 6) at ¶¶ 8-14. B&M asserts three counts against L.A. in which it seeks relief for L.A.'s failure to return its funds—common law conversion (Count I), Civil Theft under Florida Statutes (Count II), and Unjust Enrichment (Count III). *See generally*, Am. Compl.

1

2.	In response, among other purported affirmative defenses, L.A. attempts to justify its retention of B&M's funds as a payment that B&M intended to make to it to by essentially stating that B&M intended to wire the funds at issue to B&M to partially satisfy Petersen's alleged debt to L.A. Specifically, in its Ninth and Tenth Affirmative Defenses, L.A. states:

### Ninth Affirmative Defense

Plaintiff's claims are barred because Plaintiff intended the funds in question to serve as partial payment for the debt of its affiliate, Petersen Crop & Cattle, LLC ("Petersen Crop & Cattle"), arising from services Defendant provided Petersen Crop & Cattle.

### Tenth Affirmative Defense

Plaintiff's claims are barred because, upon information and belief, Defendant comingled funds and assets with Petersen Crop & Cattle, and Plaintiff is liable for and transferred the funds in partial payment of debts owed by, Petersen Crop & Cattle to Defendant for services Defendant provided to Petersen Crop & Cattle.

Defendant's Answer and Affirmative Defenses filed June 17, 2021 (Doc. 11) at Ninth and Tenth Affirmative Defenses.

3.	On February 28, 2022, L.A. served Petersen with the Subpoena Duces Tecum without Deposition to Peterson Crop & Cattle, LLC (the "Subpoena"), which is attached hereto as Exhibit "A." The Subpoena contains forty-six (46) document requests and compels the production of responsive documents at the office of Jimerson Birr, P.A., which is located at One Independent Drive, Suite 1400, Jacksonville, Florida 32202, on March 14, 2022, at 10:00 a.m. The first twenty-three (23) requests are for basically all information about what is referred to as the "Hiawatha Project" that L.A. Defines as "the provision of labor, equipment, and materials for reduction or disposal of storm generated debris in affected areas located in Hiawatha, Iowa." The second twenty-three (23) requests are identical to the first twenty-three in all ways, except the "Hiawatha Project" is replaced by the "Jackson County Project." L.A. defines "Jackson County Project" to

mean "the provision of labor, equipment, and materials for reduction or disposal of storm generated debris in the affected area of Hurricane Michael, Located in Jackson County, Florida." Notably, some of the requests seek documents that L.A. would have access to—if they exist (request nos. 27, 11, 15, 18, 19, 25, 30, 34, 38, 41)—and the requests concerning the Jackson County Project are for a Florida project that Petersen was not invovled with—i.e., Petersen could not owe a debt for the project and there could be no intent by B&M to pay the so-called debt.

4. Petersen is an Iowa limited liability company, with its principal location at 1927 Littlefield Drive., Exira, Iowa 50076. Petersen is not registered with the Florida Division of Corporations to do business in Florida, nor does Petersen engage or has Petersen engaged in business in the state of Florida.

## ARGUMENT AND MEMORANDUM OF LAW

### I. Standard of Review

Federal Rule of Civil Procedure 45 permits the discovery of documents or other tangible things from non-parties through the service of a subpoena commanding that the items should be produced "at a place within 100 miles of where the person [subpoenaed] resides, is employed, or regularly transacts business in person." *See generally*, Rule 45(c)(2)(A), Fed. R. Civ. P.; *see also* Rule 34(c), Fed. R. Civ. P.

In addition to complying with procedural necessities, a party seeking the production of documents from a non-party must request ensure its requests are relevant to the litigation and bears the burden to prove its requests are relevant. *See Fadalla v. Life Auto. Prods., Inc.*, 258 F.R.D. 501, 504 (M.D. Fla. 2007). Rule 26(b)(1) allows discovery of any unprivileged matter "relevant to the subject matter involved in the pending action[.]" Relevance is not to be presumed; rather, "the party seeking discovery must demonstrate relevance." *Fadalla*, 258 F.R.D. at 506 (citations

omitted). "If proof of relevance or need is not established, discovery should be denied." *Centurion Industries, Inc. v. Warren Steurer and Assocs.*, 665 F.2d 323, 325 (10th Cir. 1981).

A non-party may challenge a subpoena in several different ways, including by filing a motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c), a motion to quash or modify the subpoena under Federal Rule of Civil Procedure 45(d), or a motion requesting both types of relief alternatively. Rule 45(d)(3) identifies the instances where the quashing of a subpoena by a district court is either mandatory or permissive. Rule 45(d)(3)(A)-(B), Fed. R. Civ. P. Significantly, a court "**must quash or modify a subpoena that**. . . (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c). . .or (iv) subjects a person to undue burden." *See* Rule 45(d)(3)(A)(ii)&(iv) (**emphasis** added).

The Subpoena violates the foregoing standards and must be quashed. Specifically, the Subpoena: (1) fails to comply with applicable geographic limitations, and (2) places an undue burden on a non-party with no interest in the outcome of the litigation. Alternatively, if the Subpoena is not quashed and Petersen must comply with the same, the Court should require L.A. to pay its reasonable attorneys' fees incurred to do the same.

II.     The Subpoena Fails to Comply with the Geographic Limits in Rule 45(c)

Rule 45(c) limits the production of documents "to a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Rule 45(c)(2)(A), Fed. R. Civ. P. The Subpoena violates this geographic restriction by requiring Petersen, an Iowa entity that does not regularly engage in business in the state of Florida, to produce documents more than one thousand miles away at counsel for Defendant's office. This is not proper, and the Court must quash the Subpoena. *See* Rule 45(d)(3)(A)(ii), Fed. R. Civ. P.; *see also Cincinnati Ins. Co. v. Cochran*, 198 Fed. Appx. 831, 832 (11th Cir. 2006) (affirming the Order by the district court

affirming magistrate judge's grant of motion to quash and for protective order and award of sanctions where party issued subpoena in the name of a district court to a non-party located more than 100 miles from the district court in which the action was pending.).

### III. The Subpoena Seeks Irrelevant Documents

"Although irrelevance is not among the litany of enumerated reasons for quashing a subpoena found in Rule 45, courts have incorporated relevance as a factor when determining motions to quash a subpoena" for both parties and non-parties. *EEOC v. AutoZone, Inc.*, CA 06-0607-KD-C, 2007 WL 9717741, at *2 (S.D. Ala. Aug 3, 2007) (quoting *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Calif. 2005))). "[T]he court must examine whether a request contained in a subpoena duces tecum [to a non-party] is overly broad or seeking irrelevant information under the same standards set forth in Rule 26(b) and as applied to Rule 34 requests for production." *Id.* (quoting *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003)).

Here, L.A. seeks practically all information available for entire projects—one of which Petersen was not even involved with—to presumably attempt to prove that B&M intended to pay Petersen's alleged debts when it wired the funds at issue to L.A. It is not apparent how Petersen's payments to third parties for work on projects—work and payments that are not at issue—are relevant to B&M's mindset at the time of the wire. Likewise for the requested Form W-9, lien releases, and various invoices. The scope of documents sought is simply too broad, given the issues raised in the litigation.

### IV. The Subpoena Imposes an Undue Burden on a Non-Party

To the extent Petersen may possess some relevant information, the Subpoena imposes an undue burden on Petersen because much of the potentially relevant information should be in the possession of the parties to this lawsuit. For example, the Subpoena seeks information that, if it

exists, should be in the possession of L.A., itself, (2, 7, 11, 15, 18, 25, 30, 34, 38, 41) or B&M (1, 6, 12, 19, 24, 29, 35, 42).

A subpoena cannot subject its target to undue burden, or it will be quashed pursuant to Rule 45. *See* Rule 45(c)(3)(A)(iv), Fed. R. Civ. P. In considering whether a subpoena imposes an undue burden, courts consider "whether [] compliance with the subpoena would be 'unreasonable' and 'oppressive' within the meaning of Rule 45(b). . . ." A determination of a subpoena's reasonableness requires the Court to balance the interests served by complying with the subpoena against the interests served by quashing it.

It is unreasonable to require a non-party with no interest in the outcome of this litigation to undergo the burden and expense of searching its records and producing responsive documents that should be in the possession, custody, or control of named parties. Additionally, it is not reasonable to require the production of practically every document related to a project when the project, itself, is not at issue and the crux of the matter is whether L.A. wrongfully retained B&M's funds.

V.  If the Subpoena is Not Quashed, the Court Should Award Petersen Its Reasonable Attorneys' Fees

Under Rule 45(d)(1), L.A. is required to "take reasonable steps to avoid imposing undue burden or expense on [nonparties,]" which can include sanctions when these steps are not complied with in the form of lost earnings and reasonable attorneys' fees.

Here, L.A. did not take the required steps. The Subpoena seeks all records for two projects—one of which Petersen was not involved with and many of which are completely not relevant to the litigation—as well as records that the named parties should have in their possession custody or control. Accordingly, Petersen respectfully requests that the Court grant the advancement of costs in the form of reasonable attorneys' fees as a condition for the denial of this motion. *See Cantaline v. Raymark Indus., Inc.*, 103 F.R.D. 447, 449-50 (S.D. Fla. 1984) ("The

6

advancement of costs as a condition for the denial of a motion to quash is committed to the sound discretion of the court").

WHEREFORE, Non-Party PETERSEN CROP & CATTLE, LLC respectfully requests that this Court quash Defendant L.A. DISASTER RELIEF, LLC's Subpoena Duces Tecum without Deposition to Peterson Crop & Cattle, LLC and for any other relief the Court deems just and proper. Alternatively, in the event the Court denies this motion, Petersen respectfully requests that the Court award the advancement of costs in the form of reasonable attorneys' fees that it will incur to respond to Defendant's Subpoena and for any other relief the Court deems just and proper.

Respectfully Submitted,

*/s/ Alissa A. Kranz*
ALISSA A. KRANZ
Florida Bar No. 112050
Primary Email: akranz@czattorneys.com
Secondary Email: lcaulder@czattorneys.com
CANTRELL ZWETSCH, P.A.
401 East Jackson Street, Suite 2340
Tampa, Florida 33602
Telephone: 800-698-6650
 Facsimile:  813-867-0116

## LOCAL RULE 3.01(G) CERTIFICATION

The undersigned attempted to confer in good faith with counsel for Defendant regarding the relief sought in this motion but did not do so until March 14, 2022. Because of the time for compliance, meaningful conferral has not occurred. Consistent with the Local Rules, the undersigned will continue to attempt conferral for three days from the date of filing and will supplement this motion upon contact or after the third day.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 14, 2022, a copy of the foregoing was filed with the CM/ECF, which will electronically serve all counsel in this action via their electronic email addresses registered with the CM/ECF System.

        Respectfully submitted,

        */s/ Alissa A. Kranz*
        ALISSA A. KRANZ
        Florida Bar No. 112050
        Primary Email: akranz@czattorneys.com
        Secondary Email: lcaulder@czattorneys.com
        CANTRELL ZWETSCH, P.A.
        401 East Jackson Street, Suite 2340
        Tampa, Florida 33602
        Telephone: 800-698-6650
        Facsimile: 813-867-0116

# **<u>EXHIBIT A</u>**

# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

B&M SERVICES, LLC, a Mississippi limited liability company,

    Plaintiff,

v.                                                Case No.: 3:21-cv-00467-MMH-JBT

L.A. DISASTER RELIEF, LLC, a Florida limited liability company

    Defendant.

_____/

## SUBPOENA DUCES TECUM WITHOUT DEPOSITION TO PETERSON CROP & CATTLE, LLC

TO:   Peterson Crop & Cattle, LLC
        c/o Joel Peterson, its Registered Agent
        1927 Littlefield Drive
        Exira, IA 50076

    **YOU ARE COMMANDED** to appear at the office of Jimerson Birr, P.A., One Independent Drive, Suite 1400, Jacksonville, Florida 32202, on **March 14, 2022** at 10:00 a.m., and to have with you at that time and place the following:

## ALL ITEMS LISTED IN SCHEDULE "A"

    These items will be inspected and may be copied at that time. You will not be required to surrender the original items. You may comply with this subpoena by providing legible copies of the items to be produced by email or mail to the attorney whose name appears on this subpoena <u>before</u> the scheduled date of production. You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. By emailing, mailing or otherwise delivering the copies to the attorney whose name appears on this subpoena you may eliminate your required appearance at the law office of Jimerson Birr, P.A. You have the right to

object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena.  THIS WILL NOT BE A DEPOSITION.  NO TESTIMONY WILL BE TAKEN.

If you fail to:

(1) appear as specified; or
(2) furnish the records instead of appearing as provided above; or
(3) object to this subpoena,

you may be in contempt of court.  You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.

DATED on February 21, 2022.

Brandon C. Meadows
For the Court

By: [signature]

Brandon C. Meadows
Florida Bar No. 114246
bmeadows@jimersonfirm.com
One Independent Drive
Suite 1400
Jacksonville, FL 32202
Telephone: (904) 389-0050
Facsimile: (904) 212-1269
fileclerk@jimersonfirm.com
*Attorney for Defendant*

2

## AMERICANS WITH DISABILITY ACT (ADA) NOTICE

      If you are a person with a disability who needs any accommodation in order to respond to this subpoena, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the attorney signing this subpoena, whose name, address and telephone number is listed above, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing impaired, call 711.

# SCHEDULE "A"

## DEFINITIONS

i.      "Document(s)" shall refer to any and all "writings" and "recordings" (i.e., "letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostating, photography, magnetic impulse, mechanical or electronic recording, or other form of data compilation, upon paper, wood, stone, recording tape, or other materials"), as well as the original and any copy of all written, printed, typed, recorded, graphic or photographic matter, sound recording, or video recording, including all files, computer records, e-mails, books and records, ledgers, cancelled checks, check stubs, invoices, letters, telegrams, internal memoranda, reports, studies, calendars, minutes, pamphlets, notes, charts, tabulations, legal documents, photographs, accounting entries, records of meetings, records of telephone conferences or other communications, tape and video recordings, microfilms, punch cards, recordings used in data processing and computer tapes, files and discs together with the written information necessary to understand and use such files and recordings, and all other data compilations from which the information can be obtained. The term "Document(s)" is further defined to include all notes or notations on such Document(s) and all exhibits or attachments or other materials affixed thereto. If a Documents has been prepared and several copies (or additional copies) have been made that are not identical (or no longer

identical by reason of subsequent addition, deletion or notation or other modification of the copy), each non-identical copy is a separate "Document."

    ii.    "Person(s)" means individuals and all other entities having legal existence, including, without limitation, corporations, limited liability companies, general partnerships, limited partnerships and professional associations.

    iii.    "Identify" when used in reference to an individual Person means to state his or her full name, address or last known address, telephone number, if known, and his or her present employment position and business affiliation. When used in reference to a Person other than an individual, the term "Identify" means to state whether such Person is a corporation, partnership or other organization, and its name, present or last known address, and the principal place of its business. Once any Person has been Identified properly, it shall be sufficient thereafter when Identifying the same Person to state the name only.

"Identify" when used in reference to a Document means to state the date of its execution, or if undated, the date it was prepared, the author (or if different, the signatory or signatories), the addressee(s), the type of Document or any means of Identifying it, If any such Document was, but is no longer, in Your possession or subject to Your control, state what disposition was made of it and the reason for its disposition.

iv.     "You," "Your," "Yours," or "PCC" means Petersen Crop & Cattle, LLC, and if applicable in the context of the request, its attorneys, agents, representatives, directors, officers or assigns.

v.      "Plaintiff," or "B&M" means B&M SERVICES, LLC, a Mississippi limited liability company, and, if applicable in the context of the request, its attorneys, agents, representatives, employees, officers, directors, assigns, and related or affiliated entities.

vi.     "Defendant" or "LA Disaster" means Defendant L.A. DISASTER RELIEF, LLC, a Florida limited liability company, and if applicable in the context of the request, its attorneys, agents, representatives, directors, officers or assigns.

vii.    "Heartland" means Heartland Capital, LLC, if applicable, in the context of the request, its attorneys, agents, representatives, employees, officers, directors, assigns, and related or affiliated entities.

viii.   "Hiawatha Project" means the provision of labor, equipment, and materials for reduction or disposal of storm generated debris in affected areas located in Hiawatha, Iowa.

ix.     "Jackson County Project" means the provision of labor, equipment, and materials for reduction or disposal of storm generated debris in the affected area of Hurricane Michael, located in Jackson County, Florida.

# DOCUMENT REQUESTS

## Hiawatha Project Communications

1. All communications between PCC and any agent or employee of B&M, including emails and text messages between and among Joel Petersen, Faith Petersen, and Johnny Boone, related to the Hiawatha Project.

2. All communications between PCC and LA Disaster related to the Hiawatha Project.

3. All communications between PCC and Heartland related to the Hiawatha Project.

4. All communications between PCC and any contractor or subcontractor related to the Hiawatha Project.

5. All nonprivileged communications between PCC and any third party, related to the Hiawatha Project.

## Hiawatha Project Contracts

6. All contracts between PCC and B&M related to the Hiawatha Project.

7. All contracts between PCC and LA Disaster related to the Hiawatha Project.

8. All contracts between PCC and any contractor or subcontractor related to the Hiawatha Project.

9. All contracts between PCC and any third party related to the Hiawatha Project.

10. All lien releases between PCC and any other person or entity related to the Hiawatha Project.

## Hiawatha Project Invoices and Payments

11. All invoices exchanged between PCC and LA Disaster related to the Hiawatha Project.

12. All invoices exchanged between PCC and B&M related to the Hiawatha Project.

13. All invoices exchanged between PCC and any contractor or subcontractor related to the Hiawatha Project.

14. All invoices exchanged between PCC and any person or entity related to the Hiawatha Project.

15. All evidence of payments made **by** PCC to LA Disaster related to the Hiawatha Project, including but not limited to wire transfer authorizations, copies of checks, electronic transfers, credit card statements and bank statements.

16. All evidence of payments made **by** PCC to any contractor or subcontractor related to the Hiawatha Project, including but not limited to wire transfer authorizations, copies of checks, electronic transfers, credit card statements and bank statements.

17. All evidence of payments made **by** PCC to any person or entity related to the Hiawatha Project, including but not limited to wire transfer authorizations, copies of checks, electronic transfers, credit card statements and bank statements.

18. All evidence of payments made **to** PCC from LA Disaster related to the Hiawatha Project, including but not limited to wire transfer authorizations, copies of checks, electronic transfers, credit card statements and bank statements.

19. All evidence of payments made **to** PCC from B&M related to the Hiawatha Project, including but not limited to wire transfer authorizations, copies of checks, electronic transfers, credit card statements and bank statements.

20. All evidence of payments made **to** PCC from any contractor or subcontractor related to the Hiawatha Project, including but not limited to wire transfer authorizations, copies of checks, electronic transfers, credit card statements and bank statements.

21. All evidence of payments made **to** PCC from any person or entity related to the Hiawatha Project, including but not limited to wire transfer authorizations, copies of checks, electronic transfers, credit card statements and bank statements.

22. All IRS Form W-9 issued to PCC to any other person or entity related to the Hiawatha Project.

23. All IRS Form W-9 issued from PCC to any other person or entity related to the Hiawatha Project.

### Jackson County Project Communications

24. All communications between PCC and B&M, including emails and text messages between and among Joel Petersen, Faith Petersen, and Johnny Boone, related to the Jackson County Project.

25. All communications between PCC and LA Disaster related to the Jackson County Project.

26. All communications between PCC and PCC related to the Jackson County Project.

27. All communications between PCC and any contractor or subcontractor related to the Jackson County Project.

28. All nonprivileged communications between PCC and any third party, related to the Jackson County Project.

### Jackson County Project Contracts

29. All contracts between PCC and B&M related to the Jackson County Project.

30. All contracts between PCC and LA Disaster related to the Jackson County Project.

31. All contracts between PCC and any contractor or subcontractor related to the Jackson County Project.

32. All contracts between PCC and any third party related to the Jackson County Project.

33. All lien releases between PCC and any other person or entity related to the Jackson County Project.

9

**Jackson County Project Invoices and Payments**

34. All invoices exchanged between PCC and LA Disaster related to the Jackson County Project.

35. All invoices exchanged between PCC and B&M related to the Jackson County Project.

36. All invoices exchanged between PCC and any contractor or subcontractor related to the Jackson County Project.

37. All invoices exchanged between PCC and any person or entity related to the Jackson County Project.

38. All evidence of payments made **by** PCC to LA Disaster related to the Jackson County Project, including but not limited to wire transfer authorizations, copies of checks, electronic transfers, credit card statements and bank statements.

39. All evidence of payments made **by** PCC to any contractor or subcontractor related to the Jackson County Project, including but not limited to wire transfer authorizations, copies of checks, electronic transfers, credit card statements and bank statements.

40. All evidence of payments made **by** PCC to any person or entity related to the Jackson County Project, including but not limited to wire transfer authorizations, copies of checks, electronic transfers, credit card statements and bank statements.

41. All evidence of payments made **to** PCC from LA Disaster related to the Jackson County Project, including but not limited to wire transfer authorizations, copies of checks, electronic transfers, credit card statements and bank statements.

42. All evidence of payments made **to** PCC from B&M related to the Jackson County Project, including but not limited to wire transfer authorizations, copies of checks, electronic transfers, credit card statements and bank statements.

43. All evidence of payments made **to** PCC from any contractor or subcontractor related to the Jackson County Project, including but not limited to wire transfer authorizations, copies of checks, electronic transfers, credit card statements and bank statements.

44. All evidence of payments made **to** PCC from any person or entity related to the Jackson County Project, including but not limited to wire transfer authorizations, copies of checks, electronic transfers, credit card statements and bank statements.

45. All IRS Form W-9 issued to PCC by any other person or entity related to the Jackson County Project.

46. All IRS Form W-9 issued from PCC to any other person or entity related to the Jackson County Project.

11